(105 So. 455)

## MADISON COUNTY FAIR ASS'N v. RIGGINS. (8 Div. 307.)

(Court of Appeals of Alabama. Aug. 4, 1925.)

1. Evidence ⬦536—Permitting witness to give judgment as to number of people in grand stand at fair held not error.

In action on contract against fair association to recover for presenting pageant, where contract required defendant to care for and attend to grand stand, and provided for disposition of money received as admissions, permitting witness, who had had experience as newspaper man in estimating crowds, to testify that from 3,000 to 3,500 persons were present in grand stand while pageant was presented, was not error.

2. Agriculture ⬦5—Exclusion of testimony newspaper article was published by authority of person presenting pageant at fair held not error.

In action on contract against fair association to recover for presenting pageant, refusal to permit witness to testify that article in his newspaper advertising that pageant was free was published by authority of plaintiff was not error, in absence of showing that defendant concurred therein, in view of fact that mere publication by plaintiff would not modify contract between plaintiff and defendant.

---

⬦For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**3. Agriculture ⬤⇒5—Refusal to permit witness to testify person presenting pageant agreed to collect admission charge not error.**

Where contract for presenting pageant at fair provided that charge for admission to grand stand was to be a certain amount, and person giving it was to furnish all talent and equipment and other expenses, except as to changing and arranging grounds, and care and attending to grand stand, fair association had duty to collect admission to grand stand, and in action on such contract against association, refusing to allow witness to testify that plaintiff, who presented pageant, agreed to collect it, was not error.

**4. Agriculture ⬤⇒5—Refusal to allow fair association to show no money was turned over for admission to grand stand on night of pageant held not error.**

In action against fair association to recover for presenting pageant under contract which required association to collect admission charges to grand stand, refusing to allow defendant to show that no money was turned over to its secretary for admission to grand stand on night of pageant was not error.

**5. Witnesses ⬤⇒236(1) — Sustaining objection to question as to how witness happened to put certain person on grand stand to collect admission charges held not error.**

In action against fair association to recover for presenting pageant under contract which required association to collect admission charges to grand stand, sustaining plaintiff's objection to question to defendant's witness as to how witness happened to put director of association on grand stand, by which defendant expected to show that, after plaintiff did not attempt to look after grand stand, such person was asked to look after it, was not error.

**6. Exceptions, bill of ⬤⇒26—Bill of exceptions construed most strongly against appellant.**

Bill of exceptions will be construed most strongly against appellant.

Appeal from Circuit Court, Madison County; O. Kyle, Judge.

Action for breach of contract by Allene Riggins against the Madison County Fair Association. Judgment for plaintiff, and defendant appeals. Affirmed.

It appears that the plaintiff staged the pageant provided for in the contract, and that it was witnessed by a large crowd from the grand stand, but that no charge or fee was collected from the audience. Defendant sought to show that on the night of the performance, and shortly before it was to take place, the parties agreed that the plaintiff would accept a sum approximately equal to her expenses for staging the pageant in lieu of the percentage provided in the contract, for the reason that an attempt to collect from the audience—already admitted to the grounds by payment of a charge made for the privilege—had met with failure. This contention was contradicted by plaintiff's evidence that an offer was made plaintiff by defendant's representatives, but was declined.

Over defendant's objection plaintiff's witness Pierce testified that he was connected with a newspaper in Huntsville; that he had had experience in estimating crowds; and that in his judgment there were from 3,000 to 3,500 persons in the grand stand. On cross-examination of this witness by defendant he was shown an article in the newspaper with which he was connected, reciting that the pageant would be presented and that it would be free; and witness was asked to state by whose authority the article was published and where he got the information. Plaintiff's objection to this question was sustained.

Defendant's witness Finney testified that one Robertson was a director of the fair association, and was asked, "How did you happen to put him on the grand stand?" Plaintiff's objection to this question was sustained and thereupon it was stated that defendant expected to show that plaintiff did not attempt to look after the grand stand and after her failure Robertson was asked to look after it.

These charges were refused to defendant:

"I charge you that, under the written contract offered in evidence, it was not defendant's duty to collect the 25 cents admission charge.

"If you believe the evidence, you cannot find for the plaintiff under the fourth count of the complaint."

Spragins & Speake and Douglass Taylor, all of Huntsville, for appellant.

Counsel discuss the questions raised and treated, but without citing authorities.

R. E. Smith, of Huntsville, for appellee.

It is within the sound discretion of the trial court to determine on inquiry the qualification of a witness to give opinion evidence. Hamilton v. Cranford Mer. Co., 201 Ala. 403, 78 So. 401. A witness should not be allowed to state his conclusion. A. G. S. v. Flinn, 199 Ala. 177, 74 So. 246. Where there is evidence to sustain a count, the affirmative charge thereto is properly refused. Bowen v. Hamilton, 197 Ala. 418, 73 So. 5; Pentecost v. Massey, 202 Ala. 681, 81 So. 637.

BRICKEN, P. J. Appellee, Mrs. Riggins, sued the Madison County Fair Association for the breach of an alleged contract embodied in a letter from defendant's secretary to plaintiffs as follows:

"Huntsville, Alabama, August 3d, 1923.

"Mrs. Herbert Riggins, Huntsville, Alabama—Dear Mrs. Riggins: The committee decided Friday night for the pageant, and that it might be put on by you as follows:

"The association to furnish the grounds and

---

⬤⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

grand stand as they are for the occasion and to furnish band and free act.

"You are to furnish all talent and all equipment of all kinds, and all other expense incident to the occasion, except to change and arrange the grounds for that night, and the care and attending to the grand stand.

"Expense incident to change and arranging of the grounds for that night, and the care and attention to the grand stand to be defrayed first from the proceeds of the grand stand receipts.

"After the expense incident to the grounds and grand stand per above are first deducted from the grand stand proceeds gross, then the balance net to be divided 50 per cent. each, to you for your furnishing all talent and everything and putting on the pageant, and to fair association for their part.

"The charge for the grand stand to be 25 cents.

"You to attend to all the details of this pageant, relieving the management of having to bother with same, as far as it is possible to do.

"You may start publicity of your pageant at any time.

"Yours very truly,
"D. C. Finney, Secretary."

All counts in the complaint were eliminated by the charge of the court, except the fourth and fifth counts added by way of amendment.

The defendant pleaded the general issue in short by consent, and the jury returned a verdict in favor of the plaintiff for $351.52, and the defendant brings the case here for review.

[1, 2] We are of the opinion that no error was committed in allowing the witness Pierce to give his judgment as to the number of people in the grand stand, or in declining to allow the witness to testify that the article in the Huntsville Times was published by authority of Mrs. Riggins. If she, in fact, authorized its publication, it did not appear that the defendant concurred therein, and a mere publication by her, without more, would not modify the contract between the parties.

[3] Our construction of the contract is that the duty rested on the fair association to collect the admission charge of 25 cents and no error was committed in declining to allow the witness Finney to testify that Mrs. Riggins agreed to collect it.

[4, 5] Neither can error be imputed to the trial court in declining to allow the defendant to show that no money was turned over to its secretary for admission to the grand stand on the night of the pageant. It was immaterial how it happened that the witness Finney put Mr. Robertson on the grand stand, if he did so, and no error was committed in sustaining the objection to that question.

[6] The record does not affirmatively show that the exception reserved to that part of the charge of the trial court made the basis

of the ninth assignment of error was reserved in the presence of the jury and before the jury retired. The bill of exceptions will be construed most strongly against the appellant.

The two charges requested and refused were properly refused. The case was fairly submitted to the jury under an able charge by the trial court, more favorable in some aspects to appellant than was its due.

No error appearing, the judgment of the circuit court will stand affirmed.

Affirmed.